**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ADRIAN BENALLY and
AARON TSOSIE,

      Plaintiffs,

v.                                    Cause No. 15-cv-803

SENTRY INSURANCE CO., a
Mutual Company,
and LUELLA GONZALES,

      Defendants.

## NOTICE OF REMOVAL

Defendant Sentry Insurance Company, A Mutual Company ("Sentry"), by and through its counsel of record, Allen, Shepherd, Lewis & Syra, P.A. (Brant L. Lillywhite), hereby files this Notice of Removal and removes this case pursuant to 28 U.S.C. § 1441, and in support thereof, states as follows:

1.      By and through this Notice of Removal, Defendant Sentry removes all claims asserted by Plaintiffs Adrian Benally and Aaron Tsosie (collectively "Plaintiffs") against Defendant Sentry and LuElla Gonzales (collectively "Defendants") on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), and alternatively on the basis of supplemental jurisdiction, *see* 28 U.S.C. § 1367.

2.      Plaintiffs filed their "Complaint for Damages for Breach of an Insurance Contract, Damages for Fraud and Misrepresentation, Damages for Breach of Implied Contractual Covenants Including Fiduciary Duty of Good Faith and Fair Dealing and Fiduciary Duty of Equal Consideration, Damages for Willful Violations of the Insurance Trade Practices and Frauds Act and the Unfair Claims Practices Act" (the "Complaint") on August 4, 2015 in the

First Judicial District, County of Santa Fe, State of New Mexico, Cause No. D-101-CV-201501806.

3.      Plaintiffs served the Complaint and summons on Defendant Sentry through the New Mexico Office of Superintendent of Insurance on August 12, 2015.  This removal is therefore timely. *See* 28 U.S.C. § 1441(b)(1).

4.      The only other Defendant, LuElla Gonzales, has not yet been properly joined and served, and she has consented to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

5.      A copy of the Complaint is attached hereto as "Exhibit A".

6.      A copy of all other process, pleadings and orders served on Defendant in the state lawsuit are attached hereto as "Exhibit B". *See* 28 U.S.C. § 1446(a).

7.      A copy of the docket sheet from the state lawsuit is attached hereto as "Exhibit C".

8.      This Court has jurisdiction over all claims in this case pursuant to 28 U.S.C. §§ 1332, 1367 & 1441(a).

9.      Venue is proper in this Court since Plaintiffs' claims relate to an insurance policy issued in New Mexico and insurance claims initiated in New Mexico and since the state lawsuit was filed in New Mexico and removed from a New Mexico state court. *See* U.S.C. §§ 1391, 1441(a) & 1446(a).

10.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be filed in the state court and served upon the Plaintiffs promptly after removal.

11.     Defendant Sentry is filing a Notice of Filing Notice of Removal, a copy of which is attached (without its exhibits) to this Notice as "Exhibit D," with the Clerk of the First Judicial

District, County of Santa Fe, State of New Mexico, pursuant to 28 U.S.C. § 1446(d), together with this Notice.

12.     Pursuant to D.N.M.LR-CIV. 81.1(a), Defendant Sentry will submit copies of the records and proceedings from the state court action within twenty-eight days of filing this Notice of Removal.

## Diversity of Citizenship

13.     According to their Complaint and upon other information and belief, Plaintiffs are residents of New Mexico.

14.     Defendant Sentry is a resident of Wisconsin.  Sentry is incorporated in Wisconsin.

15.     Defendant Sentry's headquarters are located in Wisconsin.  Sentry's headquarters are where most of its officers direct, control and coordinate the corporation's activities.

16.     Defendant Gonzales is a resident of Oregon.

17.     Neither Defendant Sentry nor Defendant Gonzales is a resident of New Mexico. *See* 28 U.S.C. § 1446(b)(2).

18.     Since neither Defendant is a resident of the same state as any Plaintiff, complete diversity of citizenship exists for this case. *See* 28 U.S.C. 1332(a)(1).

## Amount in Controversy

19.     New Mexico practice does not permit a demand for a specific sum in a complaint, see NMRA 1-008(A)(3), and Plaintiffs' Complaint does not assert a specific total sum. *See* U.S.C. § 1446(c)(2)(A)(ii).

20.     The amount in controversy exceeds $75,000 because, upon information and belief, Plaintiffs are seeking more than that amount.

21.     The Complaint does not assert separate claims against the two Defendants. Instead, the Complaint asserts all of the claims against both Defendants based on the same allegations.  The Complaint alleges that "Defendant Gonzales' actions were done with approval, encouragement and ratification of Sentry", alleges that Sentry acted through Defendant Gonzales, alleges that Sentry is liable for Defendant Gonzales' acts and omissions and alleges joint and several liability.

22.     Although Sentry denies that Plaintiffs are entitled to any damages, the amount in controversy requirement is satisfied by the amount that Plaintiffs seek.  The following sub-categories describe what Plaintiffs are apparently seeking rather than the amounts that they would be entitled to recover.  Again, Peak denies that they are entitled to any damages or fees.

UM Benefits

23.     In April 2015, Plaintiff Adrian Benally demanded $25,000 from Sentry as uninsured motorist ("UM") benefits.

24.     Sentry agreed to the amount of UM benefits to pay him and requested his cooperation in resolving the liens, including a Medicaid lien.

25.     The parties did not agree on how to resolve that lien.

26.     The Complaint seeks $25,000 in damages for the unpaid UM benefits for Plaintiff Adrian Benally.  Therefore, these alleged damages satisfy part of the amount in controversy requirement for removal of Plaintiff Benally's claims.

27.     In May 2015, Plaintiff Aaron Tsosie demanded $25,000 from Sentry as UM benefits.

28.     The Complaint seeks $25,000 in damages for UM benefits for Aaron Tsosie.

29.     Sentry disputes Plaintiff Aaron Tsosie's claim for $25,000 in UM benefits and his claim for damages for alleged UM benefits.  These alleged damages satisfy part of the amount in controversy requirement for removal of Plaintiff Tsosie's claims.

Attorney's Fees and Litigation Damages

30.     Plaintiffs' Complaint seeks attorney's fees for the alleged willful violations of the Unfair Claims Practices Act, *see* NMSA §§ 59A-16-20 and -30, and the Insurance Trade Practices and Frauds Act, *see* NMSA § 59A-16-1 et seq.

31.     The specific paragraphs of the Unfair Claims Practices Act cited in the Complaint are Paragraphs E and G. *See* NMSA § 59A-16-20(E) ("not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear") & -20(G) ("compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered").

32.     Plaintiffs will likely request attorney's fees for all of the work in this case, if they were to prevail on this statutory claim, arguing that these statutory claims factually encompass all or nearly all of Plaintiffs' claims under the other legal theories.

33.     Given the complexity of the case, there will likely be various motions addressing legal issues and dispositive motions and discovery on a variety of factual issues.  This case will involve virtually everything that a regular auto accident case would involve plus an essentially second case regarding the claims handling and extracontractual issues.

34.     Each Plaintiff will likely claim between $30,000 to $50,000 in attorney's fees if all the claims are litigated through trial.

35.     In addition to claiming traditional attorney's fees, Plaintiffs also apparently claim attorney's fees and other litigation expenses as damages for the alleged violations of Paragraph G of the Unfair Claims Practices Act and the alleged malicious abuse of process. (*See* Ex. A, ¶¶ 37, 38, 69 & 72-74.)  Each Plaintiff likely seeks an amount of these alleged litigation damages equal to the same range as the likely amount of a fee request, i.e., $30,000 to $50,000.

<u>Other Compensatory, Actual or General Damages</u>

36.     The Complaint alleges that Plaintiffs suffered consequential damages as a result of the alleged contractual breaches. (*See* Ex. A, ¶ 51.)

37.     The Complaint alleges that Plaintiffs suffered compensatory damages as a result of the alleged fraud, misrepresentations, bad faith, statutory violations. (*See* Ex. A, ¶¶ 56, 62, 69 & 73.)

<u>Punitive Damages</u>

38.     The Complaint alleges punitive damages based on the claims handling of Plaintiffs' UM claims.

39.     Although no specific amount or multiplier is alleged by the Complaint, Plaintiffs would likely request a multiplier of two to four times the compensatory damages that they seek. Since the Complaint apparently seeks litigation damages, Plaintiffs would likely attempt to use a multiplier after including the alleged litigation damages with the other alleged damages.

**Supplemental Jurisdiction**

40.     In the event that the amount in controversy requirement is not satisfied for one of the two Plaintiffs, the Court should exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. Section 1367.

41.     The claims of the two Plaintiffs are so related that they form part of the same case or controversy under Article III of the United States Constitution.  The claims relate to the same auto accident.  The Plaintiffs were in the same vehicle at the time of that accident.  The liability and punitive damages aspects of their UM claims are based on the same conduct.  Both Plaintiffs made UM claims to the same insurance company and under the same insurance policy.  The same adjuster handled their claims.  Their claims were adjusted under a single claim number.  The Plaintiffs are both represented by the same attorneys.  The Plaintiffs assert claims under the same legal theories.  The Complaint does very little to distinguish between the two Plaintiffs in terms of facts or claims.  Their extracontractual claims appear to be based on the same acts or omissions of the Defendants.  There is a substantial overlap between the claims, and litigating both sets of claims will not significantly complicate the lawsuit.

42.     Supplemental jurisdiction over one of the claims would not violate the diversity of citizenship requirement for the other claim. *See* 28 U.S.C. § 1367(b).

43.     Based on the factors listed in 28 U.S.C. Section 1367(c), supplemental jurisdiction would be appropriate.

WHEREFORE, the removing Defendant, Sentry Insurance, A Mutual Company, gives notice that the above-styled action, which was pending in the First Judicial District, County of Santa Fe, State of New Mexico, as Cause No. D-101-CV-201501806, is removed to this Court.

Electronically Filed,

ALLEN, SHEPHERD, LEWIS & SYRA, P.A.


By:   */s/ Brant L. Lillywhite*
          Brant L. Lillywhite, Of Counsel
          4801 Lang Ave NE, Suite 200
          PO Box 94750
          Albuquerque, NM 87199-4750

7

505-341-0110
blillywhite@allenlawnm.com

I HEREBY CERTIFY that on the 11th day of
September, 2015, I served the foregoing by email
upon the following counsel:

      Nathan S. Anderson
      nathan@barberborg.com

 /s/ *Brant L. Lillywhite*
Brant L. Lillywhite