FILED IN MY OFFICE
DISTRICT COURT CLERK
8/4/2015 2:22:50 PM
STEPHEN T. PACHECO
Veronica Rivera

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT

ADRIAN BENALLY and
AARON TSOSIE

        Plaintiffs,

v.                                                   No.: D-101-CV-2015-01806

SENTRY INSURANCE CO, a
Mutual Company,
and LUELLA GONZALES,

        Defendants.

**COMPLAINT FOR DAMAGES FOR BREACH OF AN INSURANCE CONTRACT, DAMAGES FOR FRAUD AND MISREPRESENTATION, DAMAGES FOR BREACH OF IMPLIED CONTRACTUAL COVENANTS INCLUDING FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING AND FIDUCIARY DUTY OF EQUAL CONSIDERATION, DAMAGES FOR WILLFUL VIOLATIONS OF THE INSURANCE TRADE PRACTICES AND FRAUDS ACT AND THE UNFAIR CLAIMS PRACTICES ACT**

COMES NOW the Plaintiffs and makes the following averments:

## GENERAL JURISDICTION ALLEGATIONS

1. Plaintiff Adrian Benally is a citizen of the state of New Mexico residing in or near Sheep Springs, New Mexico.

2. Plaintiff Aaron Tsosie is a citizen of the state of New Mexico residing in or near Farmington, New Mexico

3. The Defendant Sentry Insurance Company (hereinafter referred to as "Sentry") is a foreign corporation of insurance doing business within the state of New Mexico.

4. The Defendant Luella Gonzales is an adjuster of Sentry and a direct employee of Sentry.

5. Defendant Sentry did business in the state of New Mexico by issuing and delivering

1

Exhibit A

to Albert Benally, a policy of insurance for a vehicle garaged in New Mexico, and by attempting to "adjust" Plaintiffs' claims under that policy.

6. Defendant Sentry knew at the time of issuing the policy that Albert Benally resided within the state of New Mexico and that the policy would provide coverage to Mr. Benally while operating his vehicle, and provide coverage to permissive users of Mr. Benally's vehicle.

7. Further or alternatively, Gonzales and Sentry stand respectively in the position of principal and agent.

8. Upon information and belief, Defendant Luella Gonzales ["Gonzales"] is an employee of Sentry and, a resident of Washington. At all material times, Gonzales was and is engaged in the evaluation and payment of Plaintiffs' UM bodily injury ["UMBI"] claim.

9. Defendants promised its insureds protections afforded to New Mexico citizens under the applicable laws of the State of New Mexico.

10. This action is brought pursuant to: a) the public policy, statutory mandate, and the express/implied duties of an insurer issuing statutorily mandated UMBI coverage; b) the public policy and purposes of the New Mexico Insurance Code ["the Insurance Code"], NMSA 1978 § 59A-1-1, et seq., which is to promote ethical claims handling practices by insurers operating in New Mexico; c) the New Mexico Insurance Trade Practices and Frauds Act ["ITPFA"], NMSA 1978 § 59A-16-1, et seq.; and d) the New Mexico Unfair Claims Practices Act ["UCPA"], NMSA 1978 § 59A-16-20, subsections E and G.

11. The state of New Mexico has an interest in protecting its members from unfair business practices, fraud, breach of contract, and other tortious conduct.

12. The New Mexico Courts have jurisdiction over these Defendants because they acted directly or by an agent, as to a cause of action for relief arising from the person's transacting business in the state of New Mexico, caused tortious injury by an act or omission within New

Mexico, contracted at any place to supply services or things within the state of New Mexico, contracted to insure any person, property or risk located within the New Mexico, and committed actions or inactions outside the state of New Mexico which caused actual injury or damage within New Mexico, where such injury or damage was reasonably foreseeable.

## GENERAL FACTUAL ALLEGATIONS

13.     At all times alleged herein, Mr. Albert Benally was insured under an UM/UIM policy issued by Sentry ["the policy"].

14.     The policy was issued by Sentry to Albert Benally. Adrian Benally was a passenger in the vehicle while it was operated by a permissive user, Aaron Tsosie. Plaintiffs are therefore an "insured" for all UMBI coverage provided by the policy and applicable to the crash.

15.     On or about November 27, 2014, Plaintiffs were injured in an automobile crash ["the crash"] caused solely by the negligence of Keifer Silas and Jeremiah Silas.

16.     At the time of the crash, Keifer Silas operated a motor vehicle owned by Jeremiah Silas in a careless manner which was a direct and proximate cause of the crash.

17.     Plaintiffs were not negligent and did not cause the crash.

18.     As a direct and proximate result of Keifer Silas' negligent driving which caused the crash, Plaintiffs suffered serious personal injuries.

19.     As a direct and proximate result of Keifer Silas' negligent driving which caused the crash, Plaintiffs have further sustained substantial damages including both pecuniary and non-pecuniary damages, all of which they are legally entitled to recover from the Keifer and Jeremiah Silas.

20.     Keifer Silas was intoxicated while driving when the crash occurred.

21.     As a direct and proximate result of the willful, wanton, and reckless conduct of Keifer Silas, Plaintiffs are entitled to recover punitive damages.

22. Jeremiah Silas did not maintain insurance for the vehicle driven by Kiefer Silas with any insurance company and had no bodily injury coverage available to the Plaintiffs.

23. Mr. Aaron Tsosie was a permissive user of the vehicle carrying a policy which insured one vehicle with Sentry, with $25,000/$50,000 of uninsured motorist coverage.

24. Mr. Adrian Benally was the passenger of a vehicle carrying a policy which insured one vehicle with Sentry, with $25,000/$50,000 of uninsured motorist coverage.

25. Defendants represented to Albert Benally that insureds Aaron Tsosie and Adrian Benally they had $25,000 of available UMBI coverage following the notification that the Silas' did not have any insurance available to the Plaintiffs.

26. Defendants promised to pay UMBI benefits under the policy for all injuries and damages Plaintiffs sustained as a direct and proximate result of the accident and that they were not compensated for in prior settlements.

27. Plaintiffs have complied with all the terms and conditions required under the policy to obtain prompt, full and fair payment of their claims as described and alleged herein.

28. Defendants chose not to investigate and process Plaintiffs claim in a timely manner.

29. Defendants and its agents/employees did knowingly, fraudulently, and with the intent to deceive Plaintiffs to their detriment, misrepresent the UMBI coverage provided under its policy to be a true casualty coverage when in fact Sentry and its agents/employees knew and intended to illegally substitute a defined benefit coverage for the casualty UMBI coverage promised in the policy and mandated by New Mexico law.

30. Defendants know the defined benefit UMBI coverage it intended to provide to Plaintiffs in this case is substantially less valuable than the UMBI casualty coverage promised in the policy and mandated by New Mexico law.

31. Defendants' fraudulent substitution of a defined benefit UMBI coverage in place of

the casualty UMBI coverage promised in the policy and mandated by New Mexico law constitutes a willful, malicious and reckless breach of the insurance contract which has, and will continue to, proximately cause Plaintiffs to suffer actual, foreseeable damages.

32. Defendants, its employees and agents knew and acknowledged Plaintiffs were entitled to UMBI coverage and benefits under the policy.

33. On or about April 8, 2015, prior to the filing of this case, Plaintiff Adrian Benally made a written claim for payment of UMBI benefits under the policy.

34. On or about May 6, 2015, prior to the filing of this case, Plaintiff Aaron Tsosie made a written claim for payment of UMBI benefits under the policy.

35. Acting through Gonzales, Sentry rejected Plaintiff Adrian Benally's offer by disputing various conditional language of the offer. Sentry rejected Plaintiff Aaron Tsosie's on May 18, 2015.

36. There are UMBI benefits due to Plaintiffs under the policy which Defendants know cannot be reasonably disputed, for which Sentry's liability to Plaintiffs are reasonably clear, and which Sentry has unreasonably [and in bad faith] refused, and continues to refuse, to pay.

37. Defendants have maliciously, deliberately and willfully refused to pay Plaintiffs UMBI benefits under the policy with the intent to force Plaintiffs to institute this litigation—and to litigate their legitimate claim through verdict—as the only means available to them to achieve payment of UMBI benefits due under the policy.

38. Upon information and belief, Defendants are intentionally, willfully and maliciously forcing Plaintiffs to litigate their right to UMBI benefits due under the policy pursuant to an institutional policy maliciously intended to cause Plaintiffs needless expense and thereby delay payment in order to extort and harass Plaintiffs into accepting less than the full amount of UMBI benefits reasonably due under the policy.

39.     Defendants promised to pay their insureds, in this case Aaron Tsosie and Adrian Benally, the same amount that the uninsured driver would be required to pay.

40.     Defendants failed and refused to keep their promise to pay the amount that Aaron Tsosie and Adrian Benally would be entitled to recover from the owner and operator of the vehicle that crashed into them.

41.     Defendants' failure and refusal to pay the amount that they had promised to pay was a breach of their contract of insurance and was done willfully, wantonly, and with reckless disregard for the rights of the Plaintiffs.

42.     Defendant Gonzales' actions were done with approval, encouragement and ratification of Sentry.

43.     Defendants had a duty to its insureds, including Plaintiffs, to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under its policies.

44.     Defendants failed to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' claims.

45.     Defendants' failure and refusal to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiffs' claims were malicious, deliberate and in reckless disregard of Plaintiffs' rights.

46.     Defendants' refusal to pay Plaintiffs UMBI benefits under the policy without implementing and conducting a reasonable investigation as to the amount of actual damages the owner and operator of the uninsured auto would have had to pay violates Sentry's common law duties of good faith, fair dealing and equal consideration implied by law in every New Mexico UM policy.

47.     Defendants' intentional, deliberate refusal to pay, Plaintiffs' claim for damages

6

against the Silas' as part of the UMBI policy benefits lawfully due to them under the policy constitutes a prima facie unfair, deceptive or fraudulent practice in violation of the ITPFA and the UCPA.

## COUNT I – COMMON LAW BREACH OF AN INSURANCE CONTRACT

48. Plaintiffs incorporate by reference all of the allegations made herein, whether made above or below, as though fully set forth here.

49. As an insured, Plaintiffs are third-party beneficiaries to the insurance contract between Sentry and Albert Benally.

50. Defendants' actions described in detail herein constitute intentional, malicious and reckless breaches of its contractual and statutory duties owed to Plaintiffs under the policy.

51. Plaintiffs have sustained foreseeable consequential damages as a direct and proximate result of Defendants' intentional, malicious and reckless breaches of its contractual and statutory duties all of which Plaintiffs are entitled to recover from Sentry in this case.

52. Plaintiffs are entitled to an award of punitive damages in order to punish Defendants' intentional, malicious and reckless conduct in this case to deter similar conduct in the future.

## COUNT II – FRAUD AND/OR MISREPRESENTATION

53. Plaintiffs incorporate by reference all of the allegations made herein, whether made above or below, as though fully set forth here.

54. Defendants' actions described in detail herein constitute knowing, intentional, malicious and/or reckless acts of fraud and misrepresentation perpetrated upon Plaintiffs with the intent to deceive or mislead in violation of Sentry's fiduciary duties owed by it, and its agents and employees, to Plaintiffs in all its dealings with Plaintiffs.

55. Plaintiffs' claims for knowing, intentional, malicious and/or reckless acts of fraud

and misrepresentation arise out of Sentry's actions, through its agents and employees, during the sale of this policy and the handling of this claim. To comply with Rule 9 of the New Mexico Rules of Civil Procedure, and aver Plaintiffs' claims of fraud and misrepresentation with particularity, Plaintiffs here specifically incorporates by reference the allegations of ¶¶ 27-45.

56. Plaintiffs have sustained compensable and foreseeable compensatory damages in amounts to be proved at trial as a direct and proximate result of the fraudulent acts and/or misrepresentations by Defendants and its agents or other employees all as alleged above.

57. The fraudulent acts and/or misrepresentations by Defendants and its agents or other employees alleged above were willful, wanton, malicious, intentional and/or reckless thereby entitling Plaintiffs to an award of punitive damages in amounts sufficient to punish Defendants for these acts and to deter similar conduct by Sentry, its agents and employees in the future.

### COUNT III - COMMON LAW BAD FAITH VIOLATION OF THE IMPLIED COVENANT AND FIDUCIARY DUTY OF GOOD FAITH AND FAIR DEALING

58. Plaintiffs incorporate by reference all of the allegations made herein as though fully set forth here.

59. Defendants' actions described in detail herein constitute knowing, intentional, malicious and/or reckless violations of the implied covenants and fiduciary duties of equal consideration, good faith, and fair dealing with Plaintiffs.

60. All of Defendants' duties to Plaintiffs described hereinafter are non-delegable duties so that Sentry is jointly and severally liable to Plaintiffs for each and every violation of these duties whether committed directly by Sentry or by any of its agents or employees including, but not limited to, Gonzales.

61. Defendants' actions as described above constituted an intentional, willful, malicious, wanton and/or reckless violation of the implied covenants and fiduciary duties of equal

8

consideration, good faith, and fair dealings, which it owed to Plaintiffs.

62. As a direct result of Defendants' violation of the implied covenants and fiduciary duties of equal consideration, good faith, and fair dealing, Plaintiffs have suffered compensatory damages in amounts to be proved at trial.

63. The actions of Defendants were, and continue to be done, knowingly, willfully, intentionally, maliciously and/or recklessly and entitle Plaintiffs to an award of punitive damages in amounts sufficient to punish Defendants for its actions and to deter similar conduct in the state of New Mexico.

## COUNT IV - WILLFUL VIOLATIONS OF INSURANCE TRADE PRACTICES AND FRAUDS ACT AND THE UNFAIR CLAIMS PRACTICES ACT

64. Plaintiffs incorporate by reference all of the allegations made herein, whether made above or below, as though fully set forth here.

65. Plaintiffs fall within the class of persons for whose benefit and protection the ITPFA and the UCPA were enacted.

66. Defendants' promised Plaintiffs it would follow the law as set forth in the ITPFA and UCPA.

67. The actions of Defendants' described herein constitute knowing, willful, deliberate, wanton, intentional and malicious violations of the ITPFA and the UCPA.

68. Upon information and belief, the actions of Defendants described herein were performed with such general and deliberate frequency as to constitute a general business practice.

69. As a direct result of the violations of the ITPFA and the UCPA by Defendants, Plaintiffs have suffered compensatory damages in amounts to be proved at trial.

70. As a result of the violations of the ITPFA and the UCPA described therein, Plaintiffs are entitled to an award of reasonable attorney fees for the bringing of this action.

## COUNT V - MALICIOUS ABUSE OF PROCESS

71. Plaintiffs incorporate by reference all of the allegations made herein as though fully set forth here.

72. Defendants have improperly, maliciously and intentionally abused, and will continue to improperly, maliciously and intentionally abuse, the processes and procedures of this Court [including but not limited to motions and discovery processes and procedures] to achieve a purpose for which these processes and procedures were never intended, i.e., Sentry's intent to improperly, maliciously and intentionally abuse these litigation processes and procedures to delay, harass and extort Plaintiffs into accepting less than the full amount of UMBI policy benefits due to them.

73. As a direct and proximate result of Defendants' malicious abuse of process Plaintiffs have suffered, and will continue to suffer, compensatory damages in amounts to be proved at trial.

74. Defendants' malicious abuse of this Court's processes were, and will continue to be, knowing, willful, intentional, malicious or reckless and entitle Plaintiffs to an award of punitive damages in amounts sufficient to punish them and to deter similar conduct in the future in the state of New Mexico .

WHEREFORE Plaintiffs pray this Court for its judgment as follows:

A. For compensatory damages sustained by Plaintiffs as a result of the acts of Defendants herein, jointly and severally.

B. For punitive damages in an amount sufficient to punish for the wrongful conduct alleged herein and sufficient to deter Defendants from continuing to commit such wrongful acts, practices and/or frauds in the future.

C. For an award of reasonable attorney fees and costs incurred herein.

D. For pre and post-judgment interest at the rate of 15% per annum.

E. For such other and further relief as the Court may deem just under the

circumstances.

        Respectfully submitted,
        **BARBER & BORG, LLC**


By:     */s/ Nathan S. Anderson*
        Nathan S. Anderson
        **ATTORNEYS FOR PLAINTIFFS**
        P.O. Box 30745
        Albuquerque, NM  87190-0745
        3816 Carlisle Blvd, NE Suite C (87107)
        (505) 884-0004
        (505) 884-0077 (fax)